IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : Chapter 11 |
|     Classic Communities Corporation, | : |
|                                     Debtor | : No. 1:16-bk-02022-RNO |
| | : |
|     Central Penn Capital Management, LLC, | : |
|                                     Movant | : |
|            vs. | : |
| | : |
|     Classic Communities Corporation, | : |
|                                   Respondent | : |

**MOTION OF CENTRAL PENN CAPITAL MANAGEMENT, LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362**

Movant, Central Penn Capital Management, LLC, by and through its counsel, Charles J. Phillips, Esquire, and the law firm of Leisawitz Heller Abramowitch Phillips, P.C., seeks relief from the automatic stay pursuant to 11 U.S.C. Section 362, and requests an Order authorizing Movant to exercise its rights and remedies under state law with regard to its Judgment described below pursuant to the Note between the Debtor and Movant and, in support thereof, aver as follows:

1. Movant, Central Penn Capital Management, LLC, assignee of First National Bank of Pennsylvania, successor by merger to Metro Bank fka Commerce Bank/Harrisburg N.A., is a Pennsylvania limited liability company with an address of 1817 Olde Homestead Lane, Suite 101, Lancaster, Pennsylvania 17601.

2. Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on May 5, 2016, and was granted an order for relief thereon.

3. On June 24, 2004, the Debtor executed a certain Promissory Note pursuant to which, *inter alia,* the Debtor promised to pay to the Movant the original principal amount of

$1,000,000.00, which Note was modified and amended by Change in Terms Agreements dated December 9, 2005, November 16, 2007, July 15, 2010, and October 21, 2013 ("Note").

4. As security for the payment and performance of the obligations of the Debtor to the Movant under the Note, DJH Penn Valley Associates Limited Partnership a/k/a DHJ Penn Valley Associates Limited Partnership, a Pennsylvania limited partnership with an address of 4900 Carlisle Pike, Box 226, Mechanicsburg, Pennsylvania 17050 ("DJH") granted to the Movant a mortgage upon DJH's real property with improvements situate at 6134 Terry Davis Court (a/k/a Unit A-1), Harrisburg, Dauphin County, Pennsylvania, and 6134 Terry Davis Court (a/k/a Unit A-2), Harrisburg, Pennsylvania (collectively, the "Premises").

5. Debtor and DJH defaulted under the terms of the Note and Mortgage.

6. On January 12, 2017, as a result of the Debtor and DJH's defaults under the terms of the Note and Mortgage, the Movant filed a Complaint in Mortgage Foreclosure against DJH in the Court of Common Pleas of Dauphin County, Pennsylvania, to No. 2017-CV-00362-MF.

7. On March 17, 2017, Movant obtained a default judgment against DJH ("Judgment").

8. On April 12, 2017, Movant commenced execution proceedings on the Judgment and caused the Premises to be fixed for sale by the Sheriff of Dauphin County ("Sheriff").

9. On September 7, 2017, the Sheriff's sale of the Premises occurred, and Movant was the successful bidder of the Premises at the Sheriff's sale for the minimum bid amount of $2,026.75.

10. On October 10, 2017, the Sheriff recorded the Deed to the Premises with the Recorder of Deeds of Dauphin County to Instrument Number 20170026638, thereby delivering the Deed to the Movant.

11. As of the date of the Sheriff's sale, the total amount owed to the Movant on the Judgment was $2,393,847.82 as itemized below:

| | |
|---|---|
| Outstanding Principal Balance | $1,995,705.34 |
| Accrued Interest through 09/07/17 | $ 298,357.21 |
| Late Charges through 09/07/17 | $   99,785.27 |
| Total Amount Due through 09/07/17 | $2,393,847.82 |

12. Movant desires to pursue a Petition to Fix Fair Market Value Under 42 PA.C.S. §8103 against the Debtor and DJH ("Petition").

13. On October 12, 2017, Movant filed an Amended Proof of Claim against the Debtor in the amount of $2,405,489.43 ("Proof of Claim 79"). Proof of Claim 79 relates to the debt evidenced by the Judgment.

14. Pursuant to 42 PA.C.S. §8103(b), both Debtor and DJH shall be named as Respondents in the Petition:

> Any debtor and any owner of the property affected thereby, who is neither named in the petition nor served with a copy thereof or notice of the filing thereof as prescribed by general rule, shall be deemed to be discharged from all personal liability to the judgment creditor on the debt, interest and costs, but any such failure to name such person in the petition or to serve the petition or notice of the filing thereof shall not prevent proceedings against any respondent named and served.

15. 42 PA.C.S. further states §8103(d):

> If the judgment creditor shall fail to present a petition to fix the fair market value of the real property sold within the time after the sale of such real property provided by section 5522 (relating to six months limitation), the debtor, obligor, guarantor or any other person liable directly or indirectly to the judgment creditor for the payment of the debt, or any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment, may file a petition, as a supplementary proceeding in the matter in which the judgment was entered, in the court having jurisdiction, setting forth the fact of the sale, and that no petition has been filed within the time limited by section 5522 to fix the fair market value of the property sold, whereupon the court, after notice as prescribed by general rule, and being satisfied of such facts, shall direct the clerk to mark the judgment satisfied, released and discharged.

16. Pursuant to 42 PA.C.S. §5522(b)(2), the Petition must be filed within six (6) months from the date of delivery of the Sheriff's deed.

17. Movant has a deadline of April 8, 2017, to file its Petition against the Debtor and DJH to exercise its rights and remedies under applicable state law.

18. Therefore, relief from the automatic stay pursuant to Sections 362(d)(1) and 362(d)(2) is appropriate and should be granted.

19. As a result of the above, Movant seeks an Order vacating the automatic stay to allow the Movant to exercise its rights and remedies under applicable state law and to file and pursue a Petition to Fix Fair Market Value Under 42 PA.C.S. §8103 against the Debtor and DJH.

WHEREFORE, Movant, Central Penn Capital Management, LLC, respectfully requests that this Court enter an Order, substantially in the form of the attached Proposed Order vacating the automatic stay imposed by Section 362 of the United States Bankruptcy Code and allowing the Movant to exercise its rights and remedies under state law and to file and puruse pursue a Petition to Fix Fair Market Value Under 42 PA.C.S. §8103 in the Court of Common Pleas of Dauphin County against the Debtor.

LEISAWITZ HELLER ABRAMOWITCH PHILLIPS, P.C.

Dated: March 14, 2018    By: */s/ Charles J. Phillips*
Charles J. Phillips, Esquire
Court I.D. No. 39260
2755 Century Boulevard
Wyomissing, PA 19610
(610) 372-3500
(610) 372-8671 (facsimile)
E-mail: cphillips@leisawitzheller.com
Attorneys for Movant,
Central Penn Capital Management, LLC